IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**CONNIE RENEE GAINES**      *

                 *

       **v.**                      *          Civil Case No. 14-059-JFM

                 *

**COMMISSIONER OF SOCIAL SECURITY**      *

                 *
                 *************

**MEMORANDUM OPINION**

**I. Introduction**

Plaintiff, Connie Renee Gaines ("Plaintiff"), brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Parties have filed cross-motions for summary judgment. For the following reasons, Plaintiff's Motion for Summary Judgment (Docket No. 8) will be GRANTED IN PART AND DENIED IN PART, the Commissioner's Motion for Summary Judgment (Docket No. 14) will be DENIED, and the case will be REMANDED to the Commissioner for further proceedings.

**II. Procedural History**

On June 29, 2011, Plaintiff filed applications for DIB and SSI. (R. 185-200). The applications were denied on November 4, 2011. (R. 106-15). Plaintiff filed a timely request for an administrative hearing. (R. 118-19). Administrative Law Judge ("ALJ") Douglas Cohen held a hearing on September 13, 2012. (R. 32-72). Plaintiff appeared with counsel and testified on her own behalf. *Id.* An impartial vocational expert ("VE") also testified at the hearing. (R. 64-71).

**III. Statement of the Case**

In a decision dated September 21, 2012, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2013.

2. The claimant has not engaged in substantial gainful activity since January 1, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: back pain, unstable right knee secondary to degenerative joint disease, chronic obstructive pulmonary disease, hearing loss, cyclothymic disorder, depression, and borderline intellectual functioning (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she can occasionally climb ramps and stairs only, and occasionally balance, stoop and crouch; she must avoid crawling and kneeling; she must avoid environments with loud background noises; she must avoid concentrated exposure to dust, fumes, odors, gases, wetness, humidity, and environments with poor ventilation; she is limited to jobs that require no more than rudimentary reading and writing, and no mathematical calculations; she is limited to simple, routine, repetitive tasks not performed in a fast-paced production environment, involving only simple work-related decisions, and in general, relatively few workplace changes; and she must avoid close supervision or close interaction with supervisors and coworkers.

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on November 24, 1970 and was 39 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and

416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work. (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

**IV. Standard of Review**

This Court reviews the file to determine whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court does not conduct a *de novo* review of the Commissioner's decision, and does not re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-1191(3d Cir. 1986). Congress expressly intended that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is defined not as "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). A decision supported by substantial evidence must be upheld even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

To establish disability, a claimant must prove a "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988) (citing *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is unable to perform substantial gainful activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

An ALJ is required to make specific findings of fact to support his conclusions. *See Stewart v. Sec'y of Health, Educ. & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The ALJ must consider the entire record and must provide adequate explanations for disregarding or rejecting certain evidence. *See Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rule making authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court has summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the

4

claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (footnotes omitted).

Where a claimant seeks review of an administrative determination, the Agency's decision cannot be affirmed on a ground other than that actually relied upon by the Agency in making its decision. The Supreme Court has explained:

When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.

*Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see also Fargnoli v. Massanari*, 247 F.3d 34, 44 n. 7 (3d Cir. 2001) (applying the same principles in the Social Security disability context).

**V. Discussion**

Plaintiff makes three arguments in support of her appeal. First, she contends that the ALJ lacked substantial evidence for his conclusion that she did not meet or equal Listing 12.05(c) (intellectual disability). Second, she submits that the ALJ erred in his assignments of weight to two medical sources. Third, she contests the adequacy of the hypothetical question posed to the VE. Plaintiff's latter two arguments fail, but her first argument is meritorious. Accordingly, remand is appropriate.

Beginning with the unsuccessful arguments, Plaintiff contests the ALJ's assignment of "some weight" to the opinion of state agency psychologist Dr. Schiller, and "very little weight"

5

to the opinion of consultative examiner Dr. McAleer. Pl. Mot. 11-16. Essentially, Plaintiff contends that the ALJ has made his own RFC assessment without having corroboration from a medical source. *Id.* First, an ALJ is permitted to accept or reject all or part of any medical source's opinion, as long as the ALJ supports his assessment with substantial evidence. *See Plummer v. Apfel*, 186 F. 3d 422, 439 (3d Cir. 1999). Second, an ALJ need not have a medical expert opinion to substantiate each conclusion in an RFC assessment, as long as the assessment is supported by substantial evidence in the medical record. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 362 (3d Cir. 2012). In this case, the ALJ supported his conclusions with substantial evidence, namely treatment notes from various evaluations, improvement of mental health condition with appropriate medications, and the lack of psychiatric hospitalizations and the lack of any mental health treatment prior to June 2012. (R. 20-23). In light of that substantial evidence supporting the assignments of some weight or little weight (but not "no weight") to the opinions of Dr. Schiller and Dr. McAleer, there is no basis for remand.

Plaintiff next contends that the ALJ's hypothetical question, which incorporated the phrase, "in general relatively few workplace changes," was insufficiently specific. Pl. Mot. 16-18. However, the VE expressed no confusion when presented with the hypothetical, and was able to provide an answer without seeking clarification. (R. 67). This Court declines to hold that the phrases "in general" and "relatively few" are so vague as to be insufficiently descriptive for a VE to testify based on her work experience doing job analysis and placing people in jobs. (R. 70). Accordingly, remand on that basis is unwarranted.

However, Plaintiff correctly submits that the ALJ's evaluation of Listing 12.05 requires remand under governing Third Circuit law. Listing 12.05 requires that a claimant establish (1) a valid verbal, performance, or full scale IQ score of 60 through 70; (2) a physical or other mental impairment imposing an additional and significant work-related limitation of function; and (3)

6

deficits in adaptive functioning prior to age 22.[1]  The ALJ noted that, in 1979 at nine years of age, Plaintiff was assessed with a verbal IQ of 66 and a full scale IQ of 70.  (R. 18).  The ALJ apparently devalued that score, on the basis that, "three years later an evaluator noted that there was an 85% chance the claimant's true IQ fell within the range 65 to 83, placing her within the borderline range intellectually."  *Id.*  Ultimately, the ALJ acknowledged that the "very remote IQ scores fall within the range set forth in section 12.05D," but found that Plaintiff had not established the requisite deficits in adaptive functioning arising prior to age 22.[2]  *Id.*

In concluding that Plaintiff had not established deficits in adaptive functioning, the ALJ cited (1) her ability to graduate with average or above average grades in special education classes; (2) her ability to read and write, play computer games, use email "once in a great while," and do word search puzzles; (3) her work from 1997-1999 as a cashier; and (4) her ability to care for herself and perform some household chores.  (R. 18).  Other courts have concluded that such activities are not inherently inconsistent with a finding of qualifying mental retardation, and, in fact, have opined that special education classes can support a finding of deficits in adaptive functioning.  *See, e.g., Markle v. Barnhart*, 324 F.3d 182, 189 (3d Cir. 2003) (remanding for further consideration of intellectual disability for a defendant who had taken special education courses through school, obtained a GED, had not held a job in fifteen years, and prior work had included painting, wallpapering of houses, and cutting grass); *Diehl v. Barnhart*, 357 F. Supp. 2d 804, (E.D. Pa. 2005) (remanding for consultation with a medical expert and further consideration

---

[1] The parties appear to concur that Plaintiff has other severe impairments, so the disputed criteria are the IQ score and the deficits in adaptive functioning.

[2] Defendant notes that, under governing regulations, IQ tests obtained when a claimant is between the ages of 7 and 16 are considered current for only two years, if the resulting IQ score is more than 40.  *See* 20 CFR Pt. 404, Subpt. P, App. 1, Section 112.00(D)(10).  Those regulations, which were not referenced by the ALJ, may provide a valid reason to reject Plaintiff's IQ score from 1979.  However, in light of the other evidence in the case, if the 1979 score is not considered, the ALJ should consider whether it would be appropriate to refer Plaintiff for current IQ testing to provide an evidentiary basis for evaluating Listing 12.05.

of intellectual disability for a defendant who had taken special education courses through school, had repeated two grades, and had past work experience as a painter, forklift operator, carpet cutter, and landscaper). Accordingly, it is appropriate to remand the case to permit the ALJ to further explain his conclusion and/or to consider whether further evaluation, IQ testing, or testimony from a medical expert would help to develop the record regarding whether or not Plaintiff meets or equals Listing 12.05. In determining that remand is appropriate, this Court expresses no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct or incorrect.

### VI. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment will be DENIED. Plaintiff's Motion for Summary Judgment will be GRANTED with respect to the motion to vacate the Commissioner's decision and to remand for further administrative proceedings, and DENIED with respect to the request for an award for benefits. An appropriate Order follows.

Dated: December 1, 2014                    /s/*J. Frederick Motz*
                                           J. Frederick Motz
                                           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONNIE RENEE GAINES | * | |
| | * | |
| v. | * | Civil Case No. 14-059-JFM |
| | * | |
| COMMISSIONER OF SOCIAL SECURITY | * | |
| | * | |

************

## **ORDER**

For the reasons stated in the accompanying memorandum opinion, it is, this 1st day of December, 2014 ORDERED that

(1) Plaintiff's Motion for Summary Judgment (Docket No. 8) is GRANTED IN PART AND DENIED IN PART;

(2) the Commissioner's Motion for Summary Judgment (Docket No. 14) is DENIED;

(3) the decision of the Commissioner is VACATED;

(4) the Clerk is directed to REMAND this case for further administrative proceedings;

(5) the Clerk shall CLOSE this case; and

(6) final judgment of this Court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

                                                        /s/*J. Frederick Motz*
                                                       J. Frederick Motz
                                                       United States District Judge