IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONNIE RENEE GAINES,             )
                                 )
    Plaintiff,                   )
                                 )
  -vs-                           )    Civil Action No.  14-59 Erie
                                 )
CAROLYN W. COLVIN,               )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
    Defendant.                   )

AMBROSE, Senior District Judge.

**OPINION**
**and**
**ORDER OF COURT**

Plaintiff Connie Renee Gaines ("Gaines") brought an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for disability insurance benefits ("DIB") and supplemental security income ("SSI") based upon, among other things, back pain, chronic obstructive pulmonary disease, hearing loss and depression. *See ECF Docket No.* [16] p. 2.  The case was initially decided against Gaines and she challenged that decision in this Court. Specifically, she raised three arguments on appeal: (1) the ALJ's conclusion that Gaines did not meet or equal the criteria of Listing 12.05C was not supported by substantial evidence of record; (2) the ALJ "erred in his assignments of weight to two medical sources"; and (3) the hypothetical posed to the vocational expert was inadequate. *See ECF Docket No*. [16], p. 5. The Court rejected the second and third contentions and remanded for further clarification with respect to the first.[1]  Gaines then brought this motion under 42 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), seeking attorney's fees in the sum of $5,674.74 and costs in the amount of $400.00. *See ECF Docket No*. [17]. After careful consideration, the Motion is DENIED.

---

[1] The Honorable J. Frederick Motz, United States District Judge, authored the decision remanding the case. Following that Order, the case was transferred to the undersigned for purposes of resolving attorney's fees.

The EAJA provides, in relevant part, that:

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA is not a "loser pays" statute. *See Rhodes v. Astrue*, Civ. No. 8-53, 2011 WL 6372823 at * 2 (W.D. Pa. Dec. 20, 2011). Here, the Commissioner opposes the award of fees and costs on the ground that the position it advanced before this Court was "substantially justified."

The Supreme Court has defined "substantially justified" under the EAJA as "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L.Ed.2d 490 (1988). It is the Government's burden to prove substantial justification. See *Cruz v. Comm'r. of Social Security*, 630 F.2d 321, 324 (3d Cir. 2010) (*citing Hanover Potato Prods., Inc. v. Shalala,* 989 F.2d 123, 128 (3d Cir. 1993)). Significantly, "[t]he government's position consists of both its prelitigation agency position and its litigation position." *Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009). Thus, the government must prove: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Cruz*, 630 F.3d at 324, *citing, Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998). Merely because a claimant may prevail on the merits does not mean that the Government's position was not substantially justified. *Id.*, at 324-25, *citing, Morgan*, 142 F.3d at 684. "Rather, when deciding whether the government is substantially justified, courts should determine whether the government's position has a reasonable basis in both fact and law." *Id.*, at 324, *citing, Morgan*, 142 F.3d at 684.

Here the Commissioner contends that her position in this case was substantially justified

in part because this Court rejected two of Gaines' three arguments on appeal. *See ECF Docket No.* [19], p. 3. Gaines does not dispute this contention. I agree that the Commissioner's position was substantially justified in this respect. *See Smith-Schaeffer v. Comm'r. of Social Security*, Civ. No. 12-1374, 2013 WL 2896873 at * 1 (W.D. Pa. June 13, 2013). As the *Smith-Schaeffer* court noted, because "the substantial evidence standard is more exacting than the substantial justification standard, the Government's argument relating to Plaintiff's first two claims of error were *de jure* substantially justified." *Smith-Schaeffer*, 2013 WL 2896873 at * 1.

The issue before me then is whether the Commissioner was "substantially justified" with respect to its position regarding Listing 12.05(c). This Court remanded on the issue of Listing 12.05(c) in order "to permit the ALJ to further explain his conclusion and/or to consider whether further evaluation, IQ testing, or testimony from a medical expert would help to develop the record regarding whether or not Plaintiff meets or equals Listing 12.05." *See ECF Docket No.* [16], p. 8. Significantly, the Court cautioned that, "[i]n determining that remand is appropriate, this Court expresses no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct or incorrect." *Id.*

Turning to the first element of the *Morgan* test, I must assess whether the Commissioner's position had a reasonable basis in truth for the facts alleged. I find that it did. The administrative record contains evidence that supports the ALJ's conclusions regarding Gaines's lack of adaptive deficits such as, her ability to obtain average or above-average grades in learning support classes; her ability to read and write, to play computer games, to use email and to do word search puzzles; her semi-skilled work as a cashier; and her ability to care for herself and perform some household chores. Significantly, this Court did not take any issue with the ALJ's factual findings in calling for a remand in this respect.

As to the second element, I find that some case law does support the Commissioner's position. Thus, although some courts have found that special education classes can support a finding of deficits in adaptive functioning, as the Commissioner suggests, other courts have

3

found otherwise. *See Harper v. Colvin*, Civ. No. 13-446, 2014 WL 1278094 at *8 (W.D. Pa. March 27, 2014) (McVerry, J.) (concluding that substantial evidence supported the ALJ's conclusion that the claimant did not establish deficits in adaptive functioning where she attended special education classes, trained as a CNA, worked in jobs requiring some skill, raised children, drove, shopped, cleaned, and managed her own finances); *Faulcon v. Comm'r. of Social Security*, Civ. No. 11-2911, 2013 WL 1163500 at * 2 (D. Md. March 18, 2013) (noting that special education classes, alone, did not establish deficits in adaptive functioning, particularly where the claimant was successful in those classes); and *Grillot v. Astrue*, Civ. No. 11-374, 2012 WL 5493969 at *14 (S.D. Ohio Nov. 13, 2012) (stating that enrollment in special education classes does not conclusively establish the onset of deficits in adaptive functioning prior to age 22). Further, some courts have found that the performance of semi-skilled past work is illustrative of the absence of adaptive deficits. *See Hancock v. Astrue*, 667 F.3d 470, 475-76 (4th Cir. 2012); *Cooper v. Comm'r. of Social Security*, 217 Fed. App'x. 450, 452 (6th Cir. 2007). Consequently, the Commissioner's position had a reasonable basis in the law.

Finally, I need to assess whether there was a reasonable connection between the facts alleged and the legal theory advanced. I find that there was. As stated in *Smith-Schaeffer*, "[t]he United Stated Court of Appeals for the Third Circuit has recognized that the Government's position may be substantially justified where an ALJ may reach the same conclusion on remand based on other evidence in the record." *Smith-Schaeffer*, 2013 WL 2896873 at * 2, *citing*, *Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009). Here, the Court implicitly recognized that the ALJ may reach the same conclusion on remand that Gaines is not entitled to benefits. *See ECF Docket No.* [16], p. 8.

Thus, although I am mindful of the EAJA's purpose "to allow individuals … to fight back against unjustified governmental action, without fear that the high cost of doing so would make victory ultimately more expensive than acquiescence," *Handron v. Sec'y. Dep't. of Health & Human Services*, 677 F.3d 144, 145 (3d Cir. 2012) (citations omitted), I do not find the award of

4

fees and costs in this instance would serve the purpose of the EAJA. The Commissioner's position, both before the Agency and before this Court, was substantially justified and Gaines is not entitled to fees and costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONNIE RENEE GAINES, )
 )
    Plaintiff, )
 )
 -vs- ) Civil Action No. 14-59 Erie
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 26th day of May, 2015, it is ORDERED that Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (Docket No. [17]) is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge